IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Harrison Bauer,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-17-01557-PHX-SPL<br><br>**ORDER** |

The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court has also received Respondents' Answer (Doc. 14), Petitioner's Reply (Doc.17), the Report and Recommendation of the Magistrate Judge (Doc. 18), Petitioner's Objections (Doc. 19), and the Response to the Petitioner's Objections. (Doc. 20.)

Petitioner argues in Ground One that the State's interpretation of the AMMA violates cannons of statutory construction and well-established United States Supreme Court decisions and that the incarceration of the Petitioner is unconstitutional for lack of due process protection under the 14th Amendment. (Doc. 1 at 6-19.) Ground Two, Petitioner argues ambiguity in the nature of the AMMA must be resolved in favor of the Petitioner pursuant to the Rule of Lenity and that Petitioner's incarceration is unconstitutional for lack of due process protection under the 5th and 14th Amendments. (*Id.* at 20-25.) Respondents argue the Arizona Court of Appeals' determination that the immunity provision in Arizona Revised Statute 36-2811(B) (3) is not vague or

ambiguous, and its refusal to apply the Rule of Lenity, was not contrary to, or an unreasonable application of clearly established Supreme Court precedent. (Doc. 14, at 9-27.) The Magistrate Judge concluded the Petitioner failed to demonstrate that the Arizona Court of Appeals' holding that A.R.S. § 36-2811(B) (3) was not ambiguous, or its affirming of Petitioner's convictions and sentences, was either "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the Unites States" or "based on an unreasonable determination of the fact in light of the evidence presented in the State court proceeding." (8 U.S.C. § 2254(d)) (Doc. 18, at 1-14.)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record. The Petitioner's seven objections to the findings and recommendations have been carefully considered. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Fine.

Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 18) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 19) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 19th day of June, 2018.

Honorable Steven P. Logan
United States District Judge